IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARENCE YOUNGER,

    Plaintiff,

v.                                                                 Civ. No.  11-306 RB/RHS

THE GEO GROUP, INC. et al.,

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Appointment of Counsel, file-stamped August 26, 2011 **[Doc. 19]**.  In this lawsuit, Plaintiff claims that he was injured after slipping and falling in a puddle of water.  Plaintiff also claims that he suffered additional injury because he was not provided with appropriate care following his discharge from the hospital.  As grounds for his motion, Plaintiff alleges, *inter alia*, that he is unable to afford counsel, the issues are complex, and he has limited access to the law library and limited knowledge of the law.

    The right to assistance of counsel does not "spring[] into existence by virtue of the needy person's having been convicted of a crime and sentenced to prison."  Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir. 1992); see also Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969) (citations omitted) (emphasizing that "no one has a constitutional right to assistance of counsel in the prosecution or defense of a civil action").  In requesting counsel, Plaintiff "has the burden to show that appointment of counsel is warranted."  Martinez v. True, 128 Fed.Appx. 714, 716 (10th Cir. Apr. 19, 2005) (not selected for publication) (citing Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004)).

Having considered Plaintiff's motion, the Court does not find Plaintiff's financial status an adequate reason to appoint counsel. Nor is the Court persuaded that the issues in this case are particularly complex. Plaintiff does not state whether he has attempted to obtain legal assistance.[1] While Plaintiff is apparently disappointed with his financial limitations and the level of legal assistance currently available to him, the Court notes that legal assistance "does not necessarily entail assistance from a lawyer." Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995) (citation omitted). The Court finds that Plaintiff has not met his burden of showing that appointment of counsel is warranted at this time and his motion will be denied.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel **[Doc. 19]** is **denied** at this time.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may seek assistance from individual attorneys, legal aid programs or other legal services organizations.